[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
MAY 5, 2006
THOMAS K. KAHN
CLERK

No. 05-14434
Non-Argument Calendar
_____

D. C. Docket No. 05-00052-CR-LSC-TMP

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

KENNETH DEWAYNE SMITH,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Northern District of Alabama

_____

**(May 5, 2006)**

Before TJOFLAT, ANDERSON and BIRCH, Circuit Judges.

PER CURIAM:

Appellant pled guilty pursuant to a plea agreement and was convicted on

both counts of a two-count indictment: Count One, possession of a firearm by a convicted felon, in violation of 18 U.S.C. § 922(g)(1); Count Two, possession with intent to distribute five grams or more of a mixture or substance containing a detectable amount of cocaine base, in violation of 21 U.S.C. § 841(a)(1). After the district court sentenced him to prison for a total of 292 months, he lodged this appeal. He asks that we vacate his convictions, and direct the reinstatement of his plea of not guilty, on the ground that he received ineffective assistance of counsel prior to and at the time he accepted the plea agreement and pled guilty.

Except in rare instances where counsel's ineffectiveness is manifest on the cold record, we do not consider an ineffective assistance of counsel claim in the direct appeal of a judgment of conviction. If appellant wishes to pursue this claim, he should move the district court for relief under 28 U.S.C. § 2255. A § 2255 proceeding will provide a forum for taking evidence concerning counsel's performance, including the advice he gave appellant in connection with his plea agreement with the Government.

Since the only issue appellant raises in this appeal is whether counsel's performance passed Sixth Amendment muster – that is, he does not otherwise attack his convictions or sentences – the judgment of the district court is

**AFFIRMED.**